**ZHAO YANG SHI, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General [1], Respondent.**

**No. 08–5275–ag.**

United States Court of Appeals, Second Circuit.

June 3, 2009.

Dehai Zhang, Flushing, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Russell J. Verby, Senior Litigation Counsel, Kristen G. Chapman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present GUIDO CALABRESI, ROBERT D. SACK, and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zhao Yang Shi, a native and citizen of the People's Republic of China, seeks review of an October 17, 2008 order of the BIA affirming, on other grounds, the November 29, 2006 decision of Immigration Judge ("IJ") Javier E. Balasquide, denying his applications for asylum, withholding of removal, and relief under the

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Convention Against Torture ("CAT"). *In re Zhao Yang Shi,* No. A98 986 483 (B.I.A. Oct. 17, 2008), *aff'g* No. A98 986 483 (Immig. Ct. N.Y. City Nov. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The BIA did not err in finding that Shi failed to establish his eligibility for asylum. In *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007)(en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2472, 171 L.Ed.2d 766 (2008), we held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion, *Shi Liang Lin,* 494 F.3d at 314; *see also Matter of J–S–,* 24 I. & N. Dec. 520 (BIA 2008). Such persons may qualify for refugee status only if they "can prove past persecution, or a fear of future persecution for 'resistance' that is directly related to [their] own opposition to a coercive family planning policy." [2] 494 F.3d at 313. Thus, the BIA properly determined that Shi is not eligible for relief based solely on his wife's forced sterilization. *See id.* at 314; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (hold-

ing that a claim based solely on the forced sterilization of petitioner's wife is "doomed"); *Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007) (same).

Moreover, nothing in the record indicates that Shi resisted China's family planning policy. *See Matter of S–L–L–,* 24 I. & N. Dec. 1, 10–11 (BIA 2006); *Shi Liang Lin,* 494 F.3d at 309–10. *See also* 8 U.S.C. § 1101(a)(42). To the extent that Shi asserts that he was persecuted because his family was assessed a 29,500 RMB fine, he fails to demonstrate that the fine was imposed on account of his "other resistance" to the family planning policy. *See Shi Liang Lin,* 494 F.3d at 309–10. Thus, we find no reason to disturb the agency's denial of Shi's asylum application.

We decline to consider Shi's unexhausted argument that he has a well-founded fear of future persecution because he fathered three children. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Finally, because Shi fails to meaningfully challenge in his brief to this Court the agency's denial of his applications for withholding of removal and CAT relief, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

---

2. Shi's reliance on an unpublished summary order is misplaced. While he was permitted to cite the case in his brief, it has no prece- dential effect. *See* Fed. R.App. P. 32.1; Local R. 32.1.